IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Nadia Mary Metroka, | : |
| Plaintiff, | : No. 2:22-cv-02740-JMY<br>: Judge John M. Younge |
| v. | : |
| Capital Blue Cross;<br>Mr. Todd Shamash, | : Electronically Filed |
| Defendants. | : |

## DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS

Defendants Capital Blue Cross and Todd Shamash (collectively, "Capital") submit the following Brief in Support of their contemporaneously filed Motion to Dismiss (Dkt. 25). Plaintiff is not the real party in interest, she has failed to state a claim upon which relief can be granted, the deficiencies cannot be cured by amendment, and the case should therefore be dismissed.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges few facts in her Complaint (Dkt. 1). While the Court's review on a demurrer is generally confined to the four corners of the complaint, Plaintiff also filed a Request for Emergency Injunction (Dkt. 16) and a Grounds for Request for Emergency Injunction (Dkt. 24), both of which illustrate that when given the opportunity to expand upon her Complaint, Plaintiff failed to allege facts sufficient to save her claims.

First and foremost, Plaintiff is not the real party in interest.[1] Plaintiff alleges that she is the "daughter of Nancy Jane Metroka, a concerned citizen, and . . . a third party beneficiary to the contractual benefits of insurance policy." Dkt. 1, at 1. Plaintiff further alleges that because she carries the DNA of her mother, and because "DNA can be harmed and altered by life events," she is being harmed because her mother is being harmed. Dkt. 1, at 1 n.1; Dkt. 16 ¶ 5. Further, when directed by the Court to explain whether she is "a real party in interest who can pursue the requested mandatory injunctive relief", Plaintiff could muster only the generality that her complaint "involves a matter of great public concern." Dkt. 22, 24. Plaintiff has no legitimate grounds to bring claims on behalf of herself.

The facts pleaded regarding Plaintiff's mother, Nancy Jane Metroka ("Mother"), are similarly sparse. According to the Complaint, on September 9, 2021, Mother was admitted to a hospital because of "the loss of the ability to swallow." Dkt. 1, ¶¶ 5, 7. By letter dated September 23, 2021, Capital denied Mother's preauthorization request[2] for an in-patient hospital stay. *Id.*, ¶ 7; Exh. B.

---

[1] Plaintiff represents to this Court that she is acting *pro se* in this matter. Plaintiff, however, is an attorney licensed to practice law in the State of Florida (Bar #114435). By way of illustration, Plaintiff sent a letter to Pennsylvania Governor Josh Shapiro (Dkt. 24-1) referencing this civil action and identifying herself as "Esquire."

[2] The September 23, 2021 letter identifies the "From Date" of the request as September 21, 2021, not September 9, 2021. Capital responded to the preauthorization request in two (2) days, not fourteen (14).

The next occurrence alleged by Plaintiff is a May 23, 2022 letter from her to Capital's Chief Executive Officer, Todd Shamash. Dkt. 1, ¶ 8; Exh. C. In that letter, Plaintiff wrote that "[m]y mother has required medical assistance since her entry to the hospital in late September 2021. Upon your company denying coverage, she signed herself into the behavioral health unit." *Id.* Capital acknowledged Plaintiff's letter by a return letter dated June 6, 2022, and sought to confirm Plaintiff's email address in an email dated June 21, 2022. *Id.* ¶¶ 9, 10; Exhs. D, E.

Plaintiff filed her Complaint on July 25, 2022, although the Complaint was not served on Capital until January 3, 2023. Plaintiff entitled the Complaint as a "Request for this Court to Enjoin Health Insurance Company from Continuing to Engage in the Outrageous Behavior of Denying Coverage for the Cost of Medical Care for Potentially Serious Life-Threatening Conditions" and requested that the Court order Capital "to cease and desist their outrageous conduct of denying coverage for [Mother] and also apologize to her." Dkt. 1, at 1. As discussed above, the Complaint contains few facts. Instead, it is littered with vague references to common sense, discriminatory conduct, reckless and wanton denial of health insurance coverage, conspiracy and violation of unspecified Constitutional rights and deeply held religious beliefs.

On January 6, 2023, Plaintiff filed a one-page, five-paragraph Request for Emergency Injunction (Dkt. 16). Plaintiff's request for injunctive relief alleges that

Mother was discharged from a nursing home in October 2022, she still experiences difficulty swallowing, she has sore shoulders, she can no longer play her flute, she has "abnormal looking moles," and she has lost weight. *Id.*, ¶¶ 1-3. Plaintiff further alleges that "[t]he denial of coverage has resulted in [Mother] being uncomfortable and unwilling to seek medical attention," which Plaintiff argues constitutes harm to both Mother and Plaintiff. *Id.* at ¶¶ 4, 5. Undoubtedly, Plaintiff's claims wholly fail to support her alleged causes of action.

## II.    QUESTION PRESENTED

Should the Court dismiss the Complaint where Plaintiff failed to allege that she suffered an injury in fact or any claim upon which relief can be granted, and where amendment would be futile?

Suggested Answer:  Yes

## III.    ARGUMENT

### A.    Legal Standards

"An action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). Plaintiff bears the burden of establishing that she is the proper party to bring the claims asserted. *Aldossari v. Ripp*, 537 F. Supp.3d 828, 837 (E.D. Pa. 2021).[3] Plaintiff must allege that she has suffered an injury in fact, or put another

---

[3] *Aldossari* was reversed on other grounds, and limited to instructing the trial court to dismiss the asserted claims without prejudice as opposed to with prejudice. *Aldossari v. Ripp*, 49 F.4th 236, 247 (3d Cir. 2022) (stating, "[w]e agree that the

4

way, that she suffered an injury that could be addressed by a favorable judicial decision. *Id.*

Under Federal Rule of Civil Procedure 12(b)(6), a party may move for the dismissal of a pleading, in whole or in part, for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion, courts must accept the factual allegations contained in the pleading as true, but they must "disregard rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements." *James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007); and *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 220–21 (3d Cir. 2011)).

Further, while detailed factual allegations are not required, and a 12(b)(6) motion affords a claimant the benefit of all reasonable inferences from the facts alleged, the "doors of discovery" are not "unlock[ed]" for a claimant "armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678; *see also Papasan v. Allain*, 478 U.S. 265, 283 (1986) (holding that courts "are not bound to accept as true a legal conclusion couched as a factual allegation"); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (stating, "conclusory or bare-bones allegations will no

---

claims were properly dismissed, but we take a different route to arrive at that conclusion.").

longer survive a motion to dismiss: threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (internal quotation marks and citation omitted). Rather, to "survive a Rule 12(b)(6) motion to dismiss, a party . . . [must plead] allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *LabMD, Inc. v. Tiversa Holding, Corp.*, 785 F. App'x 74, 77 (3d Cir. 2019) (quoting *Fowler*, 578 F.3d at 213 (internal quotation marks and citation omitted)).

B.  **Plaintiff Is Not The Real Party In Interest**

The gravamen of Plaintiff's Complaint is that Capital denied health insurance coverage for certain issues for Mother. Glaringly obvious, however, is the fact that neither Mother nor any purported subscriber of Capital health coverage is identified as a plaintiff. Metroka does not purport to represent Mother or anybody other than herself as a party in this action, which she could not do in any event because she is not generally admitted to practice by the Supreme Court of Pennsylvania or this Court, nor has she applied for *pro hac vice* admission in this matter.[4] Therefore, this

---

4   Generally, "a court may take judicial notice of facts that are not subject to reasonable dispute because they ... can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Sturgeon v. Pharmerica Corp.*, 438 F.Supp.3d 246, 257 (E.D. Pa. 2020) (citing Fed R. Evid. 201(b)(2)). Courts "may take judicial notice of public records, including publicly available records and transcripts from judicial proceedings." *Id.* (citing *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007)). For example, in *Kohn, Savett, Klein & Graf, P.C. v. Cohen*, No. 89-2173, 1990 WL 42244 (E.D. Pa., April 10, 1990), the District Court took judicial notice of the fact that the individual who signed the defendants'

Court does not have subject matter jurisdiction to hear any claims that Metroka purportedly brings on behalf of anyone other than herself.

Plaintiff's apparent effort to plead claims in her own name fair no better. The only *fact* pleaded by Plaintiff to establish injury to herself is that she allegedly shares DNA with Mother, and, because of that link, Mother's problems are somehow Plaintiff's problems, too. Plaintiff also offers unsupported conclusory allegations, which are entitled to no deference by the Court, such as that she is a third party beneficiary of Mother's health insurance and that she is a "concerned citizen."

Plaintiff is simply not the real party in interest. It was Mother who was allegedly admitted to the hospital in September 2021, discharged from a nursing home in October 2022, and has experienced issues such as difficulty swallowing. It is Mother's insurance policy, if any, that is in dispute. Since, there is no alleged injury in fact to Plaintiff, the Court cannot award any meaningful relief to Plaintiff, and the Court should therefore dismiss the Complaint.

### C. Plaintiff's Attempt to Join Capital's President, Todd Shamash, as a Party Is Improper

As pleaded in the Complaint, Todd Shamash is the President and Chief Executive Officer of Capital. Dkt. 1, ¶ 8. Plaintiff's attempt to join him individually

---

pleading did "not appear on the roll of those admitted to the bar of the United States District Court for the Eastern District of Pennsylvania." *Kohn*, 1990 WL 42244, at *2. As a result, the Court found that the individual in question was not a qualified attorney, and struck the pleading.

as a defendant is entirely improper and baseless, if not sanctionable, given that Plaintiff is purportedly an attorney (admitted in Florida). Naming Shamash as a defendant is a transparent attempt by Plaintiff to vex and harass Shamash and inflict unnecessary burden and expense on Capital. Plaintiff does not plead any individual involvement by Shamash, and indeed she could not. The inference to be drawn from the Complaint is that after Capital declined to authorize an in-patient hospital stay for Mother in September 2021, Plaintiff subsequently identified Shamash through Google or otherwise and decided to send a letter directly to him. Dkt. 1, ¶ 8; Exh. C. Employees within Capital responded to Plaintiff's letter, however that hardly gives rise to an inference that Shamash had any involvement with Mother's coverage issue, and Plaintiff does not allege any facts that Shamash had personal involvement. *Id.*, ¶¶ 9, 10; Exhs. D, E.

Plaintiff is apparently seeking to pierce the corporate veil, which is appropriate only under "extraordinary circumstances" to "prevent fraud, illegality, or injustice, or when recognition of the corporate entity would defeat public policy or shield someone from liability for a crime." *Parks v. Woodbridge Golf Club, Inc.*, No. 11-0562, 2017 WL 1133949, *2 (E.D. Pa., Mar. 27, 2017) (refusing to grant reconsideration of summary judgment entered in favor of corporate officers). Nothing in Plaintiff's filings comes remotely close to satisfying (or even alleging facts to support) these criteria. The Complaint appears to be little more than an

insurance coverage dispute brought by the wrong plaintiff. If a plaintiff could make a corporate defendant's President a party to litigation merely by sending a letter, there would be no limit to the mischief that could be caused. Plaintiff's attempt to join Shamash by sending a letter to him should fair no better than if she tried to join Pennsylvania Governor Josh Shapiro by virtue of sending a letter to him. Dkt. 24-1. There is no basis for any claims against Shamash, and the Court should dismiss those claims with prejudice.

### D. Plaintiff Has Not Stated A Claim Upon Which Relief Can Be Granted

Plaintiff requests injunctive relief requesting that the Court compel Capital to "cease and desist . . . denying coverage for [M]other." Dkt. 1, at 4. As supporting authority, Plaintiff cites a non-precedential 1975 decision in the United States District Court for the Northern District of California, makes a general reference to 42 U.S.C. § 1985(3), and points to the United States Supreme Court's decision in *Roe v. Wade*, 410 U.S. 113 (1973), which has no bearing on this matter. A quick review of the nearly fifty year old District Court case cited by Plaintiff shows the fallacy of Plaintiff's position, specifically that she is trying to find some creative way to embellish to her own benefit what at best would be an individual coverage action by Mother against Capital.

In *Reichardt v. Payne*, 396 F.Supp. 1010 (N.D. Cal. 1975), the District Court determined that the plaintiff's class action claims against the California Insurance

Commissioner and certain disability insurers who wrote policies in California could proceed under the theory that the Insurance Commissioner was acting "under color of state law" by approving policies offered on sexually discriminatory bases. Unlike the plaintiff in *Reichardt*, Plaintiff here is not actually a policyholder. Further, the claims in *Reichardt* were that the government, and specifically the state Insurance Commissioner, acted in concert with several private insurance companies to approve policy terms that embraced discrimination based on gender.

Here, Plaintiff does not allege that the policy at issue is discriminatory to women,[5] and does not (and cannot) allege concerted action between Capital and any government entity. Rather, Plaintiff is alleging in the most general terms a simple contract dispute, *i.e.*, that coverage existed for the complained of issues under the policy in place between Mother and Capital. That coverage issue, however, does not give rise to an actionable claim by *Plaintiff*, and her case should therefore be dismissed.

## IV. **CONCLUSION**

Plaintiff failed to establish that she has standing necessary to create subject matter jurisdiction, and she has failed to state a claim upon which relief can be granted. The deficiencies in her Complaint cannot be cured by amendment, as

---

[5]   Plaintiff fails to attach a copy of the relevant contract to the Complaint.

illustrated by her filings requesting an emergency injunction. Accordingly, the Court should dismiss the Complaint.

                                                Respectfully submitted,

Dated: January 24, 2023            */s/ Matthew M. Haar*
                                            Matthew M. Haar, Esq. (85688)
                                            Saul Ewing LLP
                                            2 N. Second Street, 7th Floor
                                            Harrisburg, PA  17101
                                            matt.haar@saul.com – 717-257-7508

                                            *Attorney for Capital Blue Cross*
                                            *and Todd Shamash*

## CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2023, I served a true and correct copy of the foregoing *Brief Supporting Motion to Dismiss* on the following by first class mail, postage prepaid:

> Nadia Mary Metroka (*pro se*)
> 110 East Broward Boulevard, Suite 1700
> Fort Lauderdale, FL  33301

Dated:  January 24, 2023            */s/ Matthew M. Haar*
                                                        Matthew M. Haar