IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Nadia Mary Metroka                     Case no: 22-cv-02740

    Petitioner,

v.

CAPITAL BLUE CROSS,

Mr. Todd Shamash

_____/

Response to Defendants' Motion to Dismiss

Plaintiff, Nadia Mary Metroka (hereinafter "Nadia Mary") files this response to defendants motion to dismiss and provides the following.

1. The defendants' motion to dismiss does not add much substance. The rule is short and plain statements, showing grounds for relief, relief requested and the issue must be plausible not merely possible.

2. Starting on page two defense counsel recites some of the facts in Nadia Mary's complaint/request for injunctive relief. Then goes on to make a blanket statement that these facts show that Nadia Mary has no grounds to bring a claim on behalf of herself. It is not what defense counsel's opinion of the situation is-that's not the law.

3. And certainly, Nadia Mary will hire the best geneticist or social psychologist that she can find to give compelling testimony to the jury of the harm that can arise when children and/or parents see each other suffering.

1

4. The second paragraph defense counsel continues to recite information from Nadia Mary's pleadings and make blanket statements that this somehow shows she failed to allege a cause of action.

5. The pleading threshold is low for cases alleging civil rights violations. The key factor is given the facts plead is it plausible that the defendants are violating the alleged civil rights.

6. Courts will use history to make determinations as to the likelihood that the facts alleged are plausible and not merely possible. Here in this case, we have women as the suspect class. Women have historically been discriminated against, subjugated, and viewed as property. It was not until a little over a 100 years ago that women were even allowed to vote. Prior to that they were considered property and the making of decisions was up to men. That was not very long ago and the bias that caused it still exists today. In fact, Nadia Mary's grandmother was considered an outlier for having a professional career while Mother was growing up.

7. During the Salem witch trials, people believed that women were witches and many innocent women were killed.

8, As recently as the 2000s, pop culture has referenced how poorly women are treated in society. Even just recently, Nadia Mary heard a commercial about women not being believed by healthcare providers.

9. As a woman, Nadia Mary has found that generally, people are uncomfortable with women that assert themselves which may or may not have something to do with this-it's possible they are only denying women's coverage thinking that they are less inclined to dispute it.

10.    Nadia Mary provided short and plain statements of the facts, the relief requested and a preview of the grounds for the relief by referencing 1985(3).

11.    It was not anticipated that we may need to go beyond referencing 1985(3) because the denial letter is outrageous and one would think the defendants would resolve this quickly, kindly, and equitably.

12.    It is plausible that Capital Blue is discriminating against women given the denial letter on its face. In addition to all the other references to historical discrimination against women- the Reichardt case occurred as recently as the 70s.

13,    In order to state a cause of action under 1985(3) a party must plead facts to prove the following:

"Section 1985(3) permits an action to be brought by one injured by a conspiracy formed "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." 42 U.S.C. § 1985(3). In a line of cases beginning with *Griffin v. Breckenridge,* 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971), the Supreme Court has made clear what a plaintiff must allege to state a claim under § 1985(3): "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is injured in his person or property or deprived of any right or privilege of a citizen of the United States." *United Bhd. of Carpenters & Joiners v. Scott,* 463 U.S. 825, 828-29, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983) (citing *Griffin,* 403 U.S. at 102-03, 91 S.Ct. 1790)."

14.    To fulfill the element of conspiracy, the complaint alleges Capital Blue and Todd Shamash and maybe will add adjuster pursuant to the intra-corporate doctrine.

15.    The second element is fulfilled because Health Insurance Company's conduct is either directly or indirectly discriminating against women in the same way it happened in the 70s, and so many other times in the past.

16.    The furtherance of the consipiracy is the denying of the claims of women in critical condition prescribed medically necessary care.

17. The person or persons being harmed here is Mother's daughter and mother.

18. The bond between a mother and child is a significant and special relationship. This is a universal and inalienable truth. This bond gives Petitioner/Plaintiff a significant personal stake in the outcome of this controversy. The Third Circuit recognized this universal and inalienable truth in *Lake v. Arnold*, noting there is a constitutional right to procreate. In this right includes the right to love and protect one's mother.

19, The spouse and children are intended beneficiarys of a Mother's Health Insurance policy.

20. Petitioner relies heavily upon Capital Blue[1] to pay for her parents' medical bills so that her parents can get proper medical care when they need it. The spouse and children are intended beneficiaries of a loved one's health insurance policy. Petitioner, Nadia Mary is a third party beneficiary to the contract between Capital Blue and Mother and has standing as a result of being a third party beneficiary to the contract. *Carlino v. Borusiewicz*, Civil No. 15-CV-0372 (M.D. Pa. Feb. 16, 2016).[2] (In *Carlino*, the tenant

---

[2] "[U]nder certain conditions a person may sue as a third party beneficiary to a contract. *Id.* (citing Visor Builders, Inc. v. Devon E. Tranter, Inc., 470 F. Supp. 911, 923 (M.D.Pa. 1978) (noting that a third-party beneficiary is "one who, although not a party to the contract, and hence, not in privity with the promisor ... is permitted to enforce the contract between the promisor and the promisee for its (the third-party beneficiary's) benefit")). "The Pennsylvania Supreme Court has adopted the Restatement (Second) of Contracts § 302 which allows for third-party intended beneficiaries to sue for breach of contract `even though the actual parties to the contract did not express an intent to benefit the third party.'" Shumate v. Twin Tier Hospitality, LLC, 655 F.Supp.2d 521, 535 (M.D.Pa. 2009) (quoting Sovereign Bank v. BJ's Wholesale Club, Inc., 533 F.3d 162, 168 (3d Cir. 2008). Pursuant to § 302 of the Restatement (Second) of Contract: (1) Unless otherwise agreed between promisor and promisee, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and either(a) the performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary; or(b) the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.(2) An incidental beneficiary is a beneficiary who is not an intended beneficiary.*Id.* (quoting Restatement (Second) of Contracts § 302 (1981)).The court in *Shumate* stated that the following two part test must be satisfied:(1) the recognition of the beneficiary's right must be "appropriate to effectuate the intention of the parties," and (2) the performance must "satisfy an obligation of the promisee to pay money to the beneficiary" or "the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance."*Id.* (citations omitted)."The first element of the test establishes `a standing requirement which leaves discretion with the court to determine whether recognition of third party beneficiary status would be appropriate,' and the second element `defines the two types of claimants who may be intended as third party beneficiaries.'" *Id.* (citations omitted). "The first question establishes whether an individual is a third-party beneficiary and is a question of law for the court's

argued that she was a third party beneficiary to a contract between her landlord and his maintenance and the Court agreed with her, finding her to be a third party beneficiary).

21. According to Federal Statute ERISA 502(a)(1)(B) provides:

"A civil action may be brought – by a participant or beneficiary-..(B) to recover benefits due to him/her under the terms of his/her plan, to enforce his/her rights under the terms of the plan, or to clarify his/her rights to future benefits under the terms of the plan." 29 U.S.C 1132(a)(1)(B).[3]

22. The rest of the motion to dismiss, defense counsel continues to ad hominem attacks on Nadia Mary's letter writing and accuses Nadia Mary of improperly naming Mr. Shamash in the lawsuit.

23. It is too early to say with any level of certainty that Mr. Shamash is immune and/or not at fault.

24. One thing we do know for sure is that he either received or should have received the subject denial letter and was not phased by the outrageousness and instead forwarded it to an "appeals" apartment. Mr. Shamash was on direct notice of the situation. Also, he is likely the one that makes final decisions on practices and procedures in Health Insurance Company.

---

determination." *Id.* (citation omitted). The second question draws a distinction "between intended third-party beneficiaries, who have rights under section 302, and incidental third-party beneficiaries, who do not have rights under section 302." *Id.* (citation omitted). All defendants state that § 302 requires that the contracting parties express an intent to benefit the third party in the contract itself and since plaintiff has failed to attach the alleged maintenance contract between them, there can be no analysis of the intent to benefit the third party in the contract. In both motions, defendants argue that plaintiff has failed to meet the pleading requirements since she has not sufficiently alleged the existence and essential terms of any maintenance contract and since she has not identified a particular term to the contract that was allegedly breached. They also state that plaintiff has not even alleged enough facts to support her claim that a maintenance contract existed between them and that she was an intended third party beneficiary who had rights under any such contract.

WHEREFORE, Nadia Mary requests leave to amend in the event this Court grants Defendants' motion to dismiss.

Respectfully Submitted,
*/x/Nadia Mary Metroka*
Nadia Mary Metroka
110 East Broward Boulevard
Suite 1700
Fort Lauderdale, Florida 33301
Telephone: (305) 906-2704
