THE DISTRICT COURT IN AND FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Nadia Mary Metroka,
Plaintiff-Appellant,

23-1500

v.

Capital Blue, Todd Shamash,

Defendants-Appellees,

_____/

INFORMATION AND CONCISE SUMMARY

Plaintiff-Appellant, Nadia Mary Metroka, (hereinafter "APPELLANT") files this information and concise summary for this Court's consideration and provides the following:

1. Appellant's mother was denied health insurance coverage by Appellee after a licensed physician in the emergency department proscribed inpatient hospitalization due to an acute inability to swallow. Appellant sent the Appellees notice of the major concern-the denial of medically necessary care in an emergency.. Appellees responded by requesting that Appellant's mother submit an appeal. **This conduct caused Appellant much distress. It caused Appellant to experience deep and intrusive fear for her mother, herself, and other women.** Thereafter, Appellant brought a request for an injunction against the Appellees to stop its practice of denying health coverage in such situations and also to apologize to Appellant's mother.

2, In Pennsylvania, statute 1101.67(c) provides that pre-authorization is not required in an emergency setting.

3. Appellant filed a request for an injunction citing 1985(3) and attached the subject letter denying coverage. Appellant also requested the Appellees apologize to Appellant's mother.

4. Appellees argued that Appellant does not have standing.

5. The Court wanted Appellant to provide a supersedes bond and also found that

1

Appellant did not have standing.

6. The issue for this court to resolve is whether or not the court erred in dismissing Appellant's request for a preliminary injunction pursuant to 1985(3) without giving leave to amend?

7. In *Bowman v. Sears Roebuck & Company*, 369, A. 2d 754 (Pa. Superior Court) the Court explained that the law is required to keep up with advancements in medicine and human progress. In the *Bowman* case, the Plaintiff filed suit against a mall seeking damages for emotional distress after witnessing her *adult* daughters detained by mall police on suspicion of shoplifting. Were the Plaintiff to have witnessed strangers in danger there would likely not be a cause of action.

8. The present case involves the denial of health insurance when medically necessary for a parent. A health insurance policy for a parent is different from any other kind of contract or insurance.. If the instant case regarded a parent's car insurance then it would likely be improperly brought unless the Plaintiff could show they personally experienced detriment. In this case, the "car" so to say, is one's mother.

9. Appellees did not object to communicating with Appellant regarding the denial of coverage and steps to take after Appellant gave them notice. Moreover, Appellant stands to benefit from the health insurance contract being enforced and the Appellees apologizing to her mother because when someone is mistreating one's mother it creates a level of distress that is palpable and vice versa.. Appellant fervently believes that a child should have standing to enforce the contractual health insurance benefits of a parent.

10. Appellant pursued the injunction alleging 1985(3) because she believes that it

is more likely than not that the Health Insurance Company is denying coverage to women, mostly, in emergency settings.

11. In civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt. *Bretz v. Kelman,* 773 F. 2d 1026, 1027 (9th Cir. 1985) (en banc). "A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies or the complaint could not be cured by amendment.'" *Noll,* 809 F.2d at 1448 (quoting *Broughton v. Cutter Laboratories,* 622 F.2d 458, 460 (9th Cir.1980) (per curiam)); *accord Eldridge v. Block,* 832 F.2d 1132, 1135-36 (9th Cir.1987). Moreover, before dismissing a pro se civil rights complaint for failure to state a claim, the district court must give the plaintiff a statement of the complaint's deficiencies. 624*624 *Eldridge,* 832 F.2d at 1136; *Noll,* 809 F.2d at 1448-49. "Without the benefit of a statement of deficiencies, the pro se litigant will likely repeat previous errors." *Noll,* 809 F.2d at 1448." *Karim-Panahi v. Los Angeles Police Dept.,* 839 F. 2d 621 (9th Cir. 1988).

12. When a party is seeking to enjoin another's conduct, the law requires as noted in *Reilly v. City of Harrisburg,* 858 F. 3d 173 (3rd Circuit):"[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 20, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008). From this we know that when seeking a preliminary injunction a party is not required to give a supersedes bond.

13. Pursuant to the caselaw, the Court was required to give Appellant the benefit of the doubt and give leave to amend. The Court was also supposed to provide Appellant with a list of the deficiencies but did not. Lastly, the Plaintiff was not required to provide a supersedes bond.

**WHEREFORE**, Plaintiff is requesting that this Court reverse the Court's order that did not give Appellant leave to amend and also requests this Court remand the case for further proceedings consistent with its a finding.

Respectfully Submitted,

x Nadia Mary Metroka
110 East Broward Blvd.
Suite 1700
Fort Lauderdale, Florida 33301

4